The Honorable Kay O'Connor State Representative, 14th District 1101 N. Curtis Olathe, Kansas 66061
Dear Representative O'Connor:
As Representative for the 14th District, you request our opinion regarding the constitutionality of a provision of K.S.A. 1997 Supp.72-1046a. Specifically, you ask whether the provision allowing a unified school district to charge a nonresident pupil for attendance at school within the unified school district violates Section 6 of Article 6 of the Kansas Constitution.
K.S.A. 72-1046 establishes the school districts in which a child may attend school. Generally, a child may attend school in the district in which the child lives. K.S.A. 72-1046. However, under certain circumstances, a child may attend school in a district in which the child does not live. See K.S.A. 72-1046; K.S.A. 1997 Supp. 72-1046a; 72-8233. K.S.A. 1997 Supp. 72-1046a states:
 "(a) The board of education of any school district is hereby authorized to permit pupils who are not residents of the school district to enroll in and attend the schools of the district. The board of education may permit such pupils to attend school without charge or, subject to the provisions of subsection (b), may charge such pupils for attendance at school to offset, totally or in part, the costs of providing such attendance. Amounts received under this subsection by the board of education of a school district for enrollment and attendance of pupils at school in regular educational programs shall be deposited in the general fund of the school district.
 "(b) Pupils who are not residents of a school district and are attending the schools of the school district in accordance with the provisions of an agreement entered into under authority of K.S.A. 72-8233, and amendments thereto, shall not be charged for attendance at school. The costs of providing for the attendance of such pupils at school shall be paid by the school district of residence of the pupils in accordance with the provisions of the agreement." (Emphasis added).
For purposes of the School District Finance and Quality Performance Act, K.S.A. 72-1046a et seq., any funds received pursuant to K.S.A. 1997 Supp. 72-1046a are deemed "local effort" of the school district and are to be deposited to the school district's general fund. See K.S.A. 1997 Supp. 72-6410. The amount of the district's local effort is deducted from the amount of state financial aid available to the district for the school year. K.S.A. 72-6416. Therefore, if a district chooses to exercise its authority under K.S.A. 1997 Supp. 72-1046a and charges a nonresident pupil a fee for attending school in the district, the amount of state aid available to the district is reduced.
Section 6 of Article 6 of the Kansas Constitution states in part:
 "(b) The legislature shall make suitable provision for finance of the educational interests of the state. No tuition shall be charged for attendance at any public school to pupils required by law to attend such school, except such fees or supplemental charges as may be authorized by law. The legislature may authorize the state board of regents to establish tuition, fees and charges at institutions under its supervision." (Emphasis added.)
Children between the ages of seven years and 18 years, with some exceptions, are required to attend either a public school or a private, denominational or parochial school. K.S.A. 1997 Supp. 72-1111. See
K.S.A. 72-977.
The Kansas Legislature is free to act except as it is restricted by the Kansas Constitution. Gleason v. Samaritan Home, 260 Kan. 970, 982
(1996). Rules to be followed in determining whether a statute violates the Kansas Constitution are set forth in Injured Workers of Kansas v.Franklin, 262 Kan. 840 (1997).
 "Determining whether a statute violates the constitution is a question of law. When determining a question of law, [the] court may exercise an unlimited de novo standard of review. A statute is presumed constitutional, and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. A statute must clearly violate the constitution before it may be struck down. [The] court not only has the authority, but also the duty, to construe a statute in such a manner that it is constitutional if the same can be done within the apparent intent of the legislature in passing the statute." Injured Workers of Kansas, 262 Kan. at 844, quoting Lemuz v. Fieser, 261 Kan. 936, 943 (1997) (citations omitted) (emphasis added).
While a unified school district may not charge tuition to pupils who are required by law to attend the schools of the district, the district may charge such other fees or supplemental charges as are authorized by the Legislature. The Kansas Constitution does not place limitations upon the types of fees or supplemental charges that may be authorized by the Legislature. K.S.A. 1997 Supp. 72-1046a authorizes unified school districts to charge fees "to offset, totally or in part, the costs of providing . . . attendance" of nonresidential pupils. Costs of providing attendance may include items other than the price of instruction. See, Webster's Third New International Dictionary, 2461 (1986). The statute does not clearly violate the Kansas Constitution. Under such circumstances, the statute must be upheld.
You also ask whether a unified school district violates the provisions of K.S.A. 1997 Supp. 72-1046a when it charges nonresident pupils for attending school in the district. Your question is based on the premise that there are no costs incurred by the unified school district when a nonresident pupil attends school in the district. Because we are able to address only questions of law, we have not determined whether a unified school district incurs costs when allowing nonresident pupils to attend school in the district. School districts and other subdivisions of the State have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobartv. U.S.D. No. 309, 230 Kan. 375, 383 (1981). By the plain language of K.S.A. 1997 Supp. 72-1046a, if there are costs to be offset by the attendance of nonresident pupils, a school district would be able to exercise the authority conferred under K.S.A. 1997 Supp. 72-1046a.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm